UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD LANPHER, | Civil No. 14-2560 (JRT/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT** |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Mark M. Nolan, **NOLAN THOMPSON & LEIGHTON**, 5001 American Boulevard West, Suite 595, Bloomington, MN  55437, for plaintiff.

Terrance J. Wagener, **MESSERLI & KRAMER P.A.**, 1400 Fifth Street Towers, 100 South Fifth Street, Minneapolis, MN  55402, for defendant.

Plaintiff Richard Lanpher brings this breach-of-contract action against Defendant Unum Life Insurance Company of America ("Unum") alleging that Unum failed to credit his full Cost of Living Adjustments and Children's Expense Benefits during his period of disability.  The parties have filed cross motions for summary judgment.  Because the Court finds that Unum properly interpreted Lanpher's policy, the Court will deny Lanpher's motion for summary judgment, and grant Unum's motion for summary judgment.

### BACKGROUND

Lanpher purchased a disability insurance policy from Unum, including a Children's Expense Rider providing additional benefits for his three children and a Cost

of Living Adjustment ("COLA") Rider providing for annual increases in benefits during a period of disability. In May 2008, Lanpher sought long-term disability benefits under the policy. (Mem. Op. & Order at 4, Sept. 2, 2015, Docket No. 41.) On December 3, 2008, Unum informed Lanpher that it found him "residually disabled from May 1, 2007 to October 1, 2007 and totally disabled from October 1, 2007 to present." (*Id.* at 5.)

During the disability period, Lanpher received a COLA each year of 4% of his initial Maximum Disability Benefit. He also received Children's Expense Benefits for each of his children until the policy date on which they were 25, which resulted in the maximum amount of benefits ($60,000) for his youngest child and less than the maximum for his other two children because they turned 25 before reaching the maximum benefit amount. Lanpher argues that he should have continued receiving the Children's Expense Benefit up until the maximum amount even after his children turned 25, and that he should have received a COLA of 4% of the prior year's Maximum Disability Benefit including prior COLAs. Lanpher claims that he was underpaid by a total of $69,306.70 due to these errors. (Aff. of Mark N. Nolan ("Nolan Aff."), Ex. B, Dec. 18, 2015, Docket No. 56.)

Lanpher brought this action on July 1, 2014, alleging that Unum breached the terms of the policy by denying him benefits without a reasonable basis. (Compl., July 7, 2014, Docket No. 1.) He requested full contract benefits from 2002 to present with interest and "[s]uch other and further relief as the Court deems just and equitable." (*Id.* at 2.) This Court previously heard cross motions for summary judgment and granted in part and denied in part Unum's motion. In that order, the Court found that Lanpher's claims

based on a disability prior to May 1, 2007, were barred because he did not provide timely notice, but that he could pursue claims based on his disability after May 1, 2007. (Mem. Op. & Order at 14-17.)

On December 18, 2015, the parties filed the instant cross motions for summary judgment on Lanpher's post-May 1, 2007, claims, based on conflicting interpretations of the policy.[1] The relevant portions of the policy will be discussed in the analysis that follows.

## ANALYSIS

### I. STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the

---

[1] Unum styled its filing as a "Motion for Declaratory Judgment," citing Federal Rule of Civil Procedure 57; however, other courts have found no basis for such a motion. Rule 57 only provides for a declaratory judgment action to seek the relief of a declaratory judgment. *See Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995) ("Because an action for a declaratory judgment is an ordinary civil action, a party may not make a **motion** for declaratory relief, but rather, the party must bring an **action** for declaratory judgment."). Thus, the Court construes Unum's motion as one for summary judgment. *See id.* ("The only way plaintiffs' motion [for declaratory relief] can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment."). Here, neither party previously requested declaratory relief, and the Court will instead interpret the policy to determine whether Unum breached its contract with Lanpher. *See also MASTR Asset Backed Securities Tr. 2006-HE3 ex rel. U.S. Bank Nat'l Ass'n v. WMC Mortg., LLC*, 983 F. Supp. 2d 1104, 1116 (D. Minn. 2013) ("When a request for a declaratory judgment alleges . . . duties and obligations under the terms of a contract and asks the court to declare those terms breached[, it] is nothing more than a petition claiming breach of contract.").

lawsuit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. COST OF LIVING ADJUSTMENT

First, Lanpher argues that Unum improperly interpreted the COLA Rider because it did not factor in prior COLAs when calculating each year's COLA. The COLA Rider provides that

> [o]n each anniversary of the first day of a period of disability which began while this rider was in effect, we **will increase the Maximum Disability Benefit by the [COLA] for the purpose of determining benefits** which may be payable elsewhere under this policy . . . .

(Nolan Aff., Ex. A at $2^2$ (emphasis added).) Lanpher interprets this language to mean that each year's COLA should be based on the new Maximum Disability Benefit – meaning that the COLA would be compounding. However, the definitions section of the COLA Rider explicitly states that "'Cost of Living Adjustment' means the product of the Maximum Disability Benefit **in effect on the first day of disability** and the CPI-U Factor." (*Id.*) The "CPI-U Factor" applicable to Lanpher's policy is 4 percent.[3] Thus,

---

[2] Unless otherwise indicated, the Court refers to CM/ECF pagination.
[3] In the COLA Rider, "CPI-U Factor" is defined as "the ratio of the Change in the Index to the Prior Index except that in no event will the CPI-U Factor be less than 4% or more than the

(Footnote continued on next page.)

the policy states that each year's COLA is 4 percent of the **initial** Maximum Disability Benefit, and not the annual or updated Maximum Disability Benefit as Lanpher argues.

Lanpher argues that the COLA should include prior increases unless there is explicit policy language providing otherwise. *See Murphy v. First Reliance Standard Life Ins. Co.*, No. 08-3603, 2009 WL 5095564, at *8 (E.D.N.Y Dec. 15, 2009) (finding that a cost of living adjustment did not compound because of explicit policy language stating that prior adjustments were excluded). Lanpher also cites a number of cases suggesting that courts interpret insurance policies based on their plain language, and if the policy is ambiguous, they interpret the policy in favor of consumers. In *Farmers Home Mutual Insurance Co. v. Lill*, for example, the court found that "if there is a competing reasonable interpretation" of an insurance policy, "there is ambiguity and the insurer's reading must give way to the insured's." 332 N.W.2d 635, 637 (Minn. 1983)). However, the court also stated "that the fact that a policy must be read with some care does not alone make it ambiguous," even if "it might have been more artfully drafted." *Id.* at 638 (quoting *Nordby v. Atl. Mut. Ins. Co.*, 329 N.W.2d 820, 823 (Minn. 1983). Here, the policy explicitly states that the COLA does not compound – the COLA is calculated based on the Maximum Disability Benefit in effect on the first day of

---
(Footnote continued.)

Maximum COLA Percentage in effect when disability began." (Nolan Aff., Ex. A at 2.) The "Maximum COLA Percentage" is defined as "the percentage which is shown in the rider description on page 3." (*Id.*) And page 3 provides that Lanpher's Maximum COLA Percentage was 4%. (Nolan Aff., Ex. D at 3.) Thus, his Maximum COLA Percentage could not be less or more than 4%.

disability.  Thus, the Court finds that Unum's interpretation of the policy is the proper one, and each year's COLA does not factor in prior COLA increases.

### III.   CHILDREN'S EXPENSE BENEFIT

Next, Lanpher argues that Unum improperly interpreted his Children's Expense Rider because it stopped paying his Children's Expense Benefit for two of his children when they turned 25 rather than paying the maximum benefit amount.  The Children's Expense Rider provides:

> In any month that [a disability benefit] is payable while this rider is in effect, we will credit a benefit equal to $1/60^{th}$ of the Children's Expense Benefit Amount for each **named child** in any month after you have satisfied the Elimination Period for this rider that:
> 1.   *you are disabled*;
> 2.   the disability:
>      a.   was caused by an injury that occurred . . . after this rider became effective; and
>      b.   began after the effective date of this rider and while the child was a named child; and
> 3.   the amount credited under this rider for the named child has not exceeded the Children's Expense Benefit Amount for that child.

(Nolan Aff., Ex. C at 2 (emphasis added).)  The definitions section of the Children's Expense Rider states:

> 'Named child' means a person who
> 1.   is named in the rider description on page 3;
> 2.   was born to or legally adopted by you or your spouse; and
> 3.   is less than 25 years old.

(*Id.*)  Finally, the termination section states that the "**[c]overage** for each named child terminates on the earliest of . . . **the policy anniversary when the child is 25**," when the

full Children's Expense Benefit Amount has been paid for that child, or when the Children's Expense Rider terminates. (*Id.* at 3 (emphasis added).) The Children's Expense Rider then states that it terminates on either the policy anniversary when the owner is 65, "the date when no child is a named child and no benefit is credited but unpaid," or when the policy terminates, whichever is earlier. (*Id.*)

Reading these provisions together, Lanpher argues that because he became disabled while all three of his children were under 25, they were named children at the time his disability began, and he was thus entitled to continue receiving the benefit until reaching the maximum benefit amount. He contends that although the Children's Expense Rider states that "**coverage** for each named child terminates on . . . the policy anniversary when that child is 25," (*id.* (emphasis added)), it does not state that **benefits** for each child terminates at that time. Thus, Lanpher argues that so long as the child was under 25 at the time the disability began, the policy should continue to pay until the maximum is reached. Lanpher also argues that the policy is at least ambiguous and should be interpreted in favor of the insured.

However, Unum does not rely on the termination of coverage provision for its position that benefits end when the child reaches 25. The operative part of the rider states that "[i]n any month" of disability benefits, the owner is entitled to Children's Expense Benefits "for each **named child**." (*Id.* at 2.) To qualify as a "named child," he or she must be "less than 25 years old." (*Id.*) Accordingly, two of Lanpher's children stopped being named children under the policy once they turned 25, and they must be a named child each month to trigger the Children's Expense Benefit. While the Children's

- 8 -

Expense Rider could have been more artfully drafted, upon a close reading, Unum's interpretation is the proper one. The Court therefore finds that Unum did not breach the agreement by failing to provide benefits beyond the policy anniversary after Lanpher's children turned 25 because they were no longer named children as required under the policy.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment [Docket No. 57] is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment [Docket No. 53] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 8, 2016　　　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court